STATE OF VERMONT
SUPERIOR COURT — ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| In re Waitsfield Well House CU Application | { { { | Docket No. 49-4-12 Vtec |

## Decision on Motion for Summary Judgment

Virginia Houston ("Appellant") appealed a decision by the Town of Waitsfield Development Review Board (the "DRB") granting conditional use approval to the Town of Waitsfield (the "Town") for the construction of a well house in connection with the Town's municipal water supply project. The Town filed for summary judgment on all of the questions in Appellant's Statement of Question and seeks to conclude the pending appeal. Appellant subsequently withdrew Questions 2, 4, and 5 from her Statement of Questions, but she opposes the Town's motion for summary judgment on her remaining questions.

In this matter, Appellant is represented by Paul Gillies, Esq. The Town is represented by Joseph S. McLean, Esq.

## Factual Background

For the sole purpose of putting the pending motion into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1. At all times material to this matter, the Town has had in effect duly adopted Zoning Bylaws, last amended May 17, 2010.

2. On or about December 28, 2011, the Town of Waitsfield filed an application for conditional use approval to construct an approximately 335 square foot, 14-foot tall structure to house its supply well in connection with its municipal water supply project off Long Road.

3. The proposed well house will be located on an approximately 1.43 acre lot and will be accessed by Reed Road, a formerly privately owned farm road.

4. Appellant previously owned half of the 1.43 acre lot and half of Reed Road. However, in a recent decision,[1] the Washington Civil Division allowed the Town to acquire Appellant's portion of the lot and Reed Road through a condemnation action. Houston v. Town of

---

[1] The Civil Division's decision was submitted as part of the record in this case and filed with this Court on November 13, 2012. Portions of the decision, which addresses issues in two dockets, are currently subject to post-judgment motions and/or on appeal to the Vermont Supreme Court. We have not been made aware of a final determination in those proceedings.

Waitsfield, Nos. 206-4-11 Wncv and 743-11-11 Wncv (Vt. Super. Ct. Civ. Div. Oct. 23, 2012) (Crawford, J.). Appellant now holds only an easement for the use of Reed Road from its intersection with Long Road to the boundary of the Town's new 1.43 acre well house lot. Id. at 9.

5.     The Civil Division awarded Appellant compensation for both the condemnation and damages for the construction of a new access route from the end of Appellant's easement over Reed Road to Appellant's property. Houston v. Town of Waitsfield, No. 206-4-11 Wncv (Vt. Super. Ct. Civ. Div. Oct. 23, 2012) (Crawford, J.) (partial final judgment).

6.     The Town of Waitsfield will own the proposed well house and use it exclusively for public purposes.

7.     The well house will be located within the Agricultural-Residential Zoning District. It is proposed to meet all applicable standards and dimensional requirements under Article II of the Town of Waitsfield Zoning Bylaws, as amended May 17, 2010 ("Bylaws"),[2] including minimum lot size requirements.

8.     By written decision, dated April 3, 2012, the DRB granted the Town's application for conditional use approval.

## Discussion

Appellant appealed a decision by the DRB granting conditional use approval to the Town for the construction of the well house that will serve as part of the Town's proposed public water supply system. Appellant originally presented five questions in her Statement of Questions but has since withdrawn Questions 2, 4, and 5. The Town has moved for summary judgment on all of Appellant's remaining Statement of Questions. Accordingly, we will address the Town's motion for summary judgment on Appellant's remaining questions: Questions 1 and 3.

We will grant summary judgment to a moving party (here, the Town) upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual]

---

[2] The Town filed the conditional use application at issue in this case on December 28, 2011. See Town's Exhibit 2. The Bylaws as amended on May 17, 2010 were current at the time of the application and govern our review of this case. See (Town of Waitsfield's Statement of Undisputed Facts at 1, filed Nov. 19, 2012); (Appellant's Resp. to Waitsfield's Statement of Material Facts, filed Dec. 18, 2012). Accordingly, we disregard Appellant's Exhibit 2, which contains the Town of Waitsfield Zoning Bylaws as adopted on May 2, 2005 without any subsequent amendments.

allegations made in opposition to the motion for summary judgment" and give the non-moving party (here, Appellant) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citations omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures). Both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their assertions with citations to materials in the record. V.R.C.P. 56(c)(1); see Reporter's Notes—2012 Amendment, V.R.C.P. 56 ("Rules 56(c)(1)(B) and (c)(2) clarify that all asserted facts must be based on admissible evidence").

In its motion for summary judgment, the Town argues that Appellant's Questions 1 and 3 should be dismissed as beyond the scope of this Court's review in the pending appeal. Appellant has not disputed any material facts presented by the Town in the Town's Statement of Undisputed Facts. Instead, Appellant challenges the Town's interpretation of the legal standards that govern this Court's review in this case. We have considered both parties' legal arguments. For the reasons detailed below, we **GRANT** the Town summary judgment.

## I.     Appellant's Question 1

Appellant's Question 1 asks,

> Whether, by the grant of this conditional use permit, Ms. Houston will suffer considerable lost opportunities to her own proposed water withdrawal system, access to her wells, access to the majority of her 1646 acres of land by closure of her long-term 25 year access over what was once called "Reed Road," as well as access to logging of her property, access to development of home sites, access to hunting camps on the property, pasturing of horses/cows, and educational/research programs that she offers through Norwich University, and consequently whether the character of the area is sufficiently changed by this proposal to justify a denial of the permit, pursuant to Section 5.03(C)(2) of the Waitsfield Zoning Bylaws (2010).

(Appellant's Statement of Questions at 1, filed Apr. 16, 2012.) Bylaws § 5.03(C)(2) directs the DRB, when reviewing an application for a conditional use permit, to consider whether a proposed project will result in an undue adverse impact on "[t]he character of the area affected." In her Question 1, Appellant appears to argue that the Town's proposed well house will result in an undue adverse impact on the character of the area by preventing Appellant from accessing her property and by eliminating Appellant's ability to log, pasture horses and cows, develop home sites, or allow habitual guests on her property.

3

In this case, both parties acknowledge that the proposed well house constitutes a public facility under Bylaws § 4.10.B. The parties' understanding of this term is consistent with our determination in In re Town of Charlotte Recreational Trail, Nos. 98-5-08 Vtec and 58-4-10 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2011) (Durkin, J.), in which we found that a proposed municipally-owned trail system on municipally-owned land constitutes a public facility. Accordingly, our review of the Town's conditional use application, including a determination of whether the proposed project presents an undue adverse effect on the character of the area affected, is constrained by Bylaws §4.10.C and 24 V.S.A. § 4413(a). Bylaws § 4.10.C, which mirrors the language of 24 V.S.A. § 4413(a), allows conditional use review of proposed public facilities "only to the extent that such standards relate to location, size, height, bulk, yards, courts, setbacks, density of buildings, off-street parking and loading facilities, traffic, noise, lighting, and landscaping or screening requirements associated with the proposed public facility." In conducting conditional use review of the Town's proposed project, we may only consider the well house's effect on the character of the area affected to the extent that the effect relates to the review criteria contained in Bylaws § 4.10(C).

The text of Appellant's Question 1 fails to identify how the well house's "location, size, height, bulk, yards, courts, setbacks, density of buildings, off-street parking . . ., traffic, noise, lighting, and landscaping or screening" will affect the character of the area likely to be affected by the project. See Bylaws § 4.10(C). In her response to the Town's motion for summary judgment, however, Appellant claims that the location of the well house should cause this Court to deny the Town conditional use approval. Specifically, Appellant states, "The well house is situated, perhaps intentionally, to block or make difficult access to the traditional entry point onto Houston land." (Resp. to Waitsfield's Mot. for Summ. J. at 1, filed Dec. 18, 2012.)

Under Bylaws § 4.10(C), we may consider whether the well house's location will cause an undue adverse impact on the character of the area affected. In conducting such a review, however, we are further constrained, in that we may only consider the proposed project's general location within the Town, and "not the specific siting of improvements within the project site." Town of Charlotte, Nos. 98-5-08 Vtec and 58-4-10 Vtec, slip op. at 9–10. To the extent that Appellant's Question 1 asks this Court to review the appropriateness of the well house location within the specific project site, the Question is beyond the scope of our review.

4

In this case, Appellant fails to raise a claim that the general location of the well house within the Town borders causes an undue adverse impact on the character of the area. Rather, Appellant claims that the specific siting of the well house on Reed Road within the Town's 1.43-acre project site will adversely impact her ability to access and utilize her property. Appellant's Question 1 is thus beyond the scope of our conditional use review of the Town's proposed project under Bylaws § 5.03(C)(1) as constrained by Bylaws § 4.10(C). Accordingly, we **DISMISS** Appellant's Question 1.

## II.  Appellant's Question 3

Appellant's Question 3 asks,

Whether, pursuant to Section 5.03(C)(3) and (D)(3), relating to traffic, Waitsfield is effectively cutting off Ms. Houston's access to her land, by placing the well house in the center of Ms. Houston's traditional and only practical access, denying her the use of the former Reed Road and setting culverts in Long Road, to move water from a permanent ditch on the far side of Long Road onto her pastures (illegally making streams/wet lands by redirecting water onto her private property) in the formerly dry pastures along her frontage of Long Road where she would otherwise consider building an access road to her land and well, were the Court to uphold Waitsfield's refusal to allow Ms. Houston to use the former Reed Road, constituting an adverse traffic and road impact, eliminating any and all levels of service/access to her property.

(Appellant's Statement of Questions at 2, filed Apr. 16, 2012.) Appellant's Question 3 raises two issues. First, Appellant claims that the proposed location of the well house on Reed Road should cause this Court to deny the project conditional use approval, as the placement of the well house violates the general and specific conditional use standards for traffic contained in Bylaws § 5.03(C)(3) and (D)(3). Second, Appellant claims that her ability to install a new access road to her property, will be "limited by the placement of new culverts along Long Road that cast water on[] the very land where" the Civil Division, in a recent decision, suggested the access road be built. (Resp. to Waitsfield's Mot. for Summ. J. at 3, filed Dec. 18, 2012); see also Houston, Nos. 206-4-11 Wncv and 743-11-11 Wncv.

Under Bylaws § 4.10(C), we may review a conditional use application for a proposed public facility for compliance with conditional use standards relating to traffic. Thus, we may review the Town's proposed well house project under Bylaws § 5.03(C)(3) and 5.03(D)(3), which provide general and specific conditional use traffic standards, respectively.

Section 5.03(C)(3) states that the reviewing body "shall consider the potential impact of projected traffic resulting from the proposed development in relation to the condition, capacity,

5

safety, and function of roads and associated infrastructure (e.g., bridges, culverts) potentially affected [by] the proposed development." (emphasis added). Under the plain language of § 5.03(C)(3), we are to directed to consider what effect the traffic associated with a proposed project will have on existing infrastructure and whether the existing infrastructure can support the additional traffic or whether new infrastructure may be required.[3] Implicit in this regulatory language is that a project's estimated impact upon public roads may determine whether the project receives permit approval. A portion of the land to be used in the Town's water supply project is commonly referred to as "Reed Road," which is a private and not public roadway.

At no point has Appellant argued that existing infrastructure is incapable of accommodating traffic generated by the proposed well house, or that such traffic will have an adverse effect on existing infrastructure.[4] Instead, Appellant claims that construction of the well house will affect access routes to her private property. Bylaws § 5.03(C)(3) does not suggest that the reviewing body may evaluate the rights of an individual property owner whose access route may be blocked by a proposed project. Similarly, § 5.03(C)(3) does not allow a reviewing body to adjudicate claims by a property owner that road infrastructure, such as culverts, associated with a proposed project will adversely affect the owner's private property. Appellant fails to raise any claims in her Question 3 that are justiciable by this Court under Bylaws § 5.03(C)(3). Accordingly, we **DISMISS** Appellant's Question 3 as outside the scope of our review, to the extent that it challenges the Town's proposed project under Bylaws § 5.03(C)(3).

Section 5.03(D)(3) states that "[a] coordinated, safe[,] and efficient system for vehicular and pedestrian circulation shall be provided on and off-site in accordance with all applicable municipal and state standards." Section 5.03(D)(3)(a) states that "[p]articular consideration

---

[3] For example, § 5.03(C)(3)(a) states that if a project is projected to create 100 new vehicle trips per day, a traffic impact study may be required to inform the reviewing body of (i) the public roads and intersections that will be affected by the project; (ii) existing and projected traffic conditions on public roads for a five year period; (iii) "a comparison of operating levels of service for affected roads and intersections with and without the proposed project"; (iv) adverse traffic, road or intersection impacts, "and a description of the improvements needed [to public roads] to provide an acceptable level of service."

[4] In its original conditional use permit, the Town stated that "[t]raffic to the well house will be minimal after construction is completed and will be limited to occasional maintenance vehicles," a claim Appellant has not disputed. Town's Exhibit 2, at 4.

shall be given to the number and location of accesses or curb cuts, visibility at intersections, to traffic flow and control, to pedestrian convenience and safety, and to access in case of emergency." Finally, § 5.03(D)(3)(c) allows the reviewing body to impose conditions "as appropriate with regard to intersections, pedestrian paths and crossings, and the number, location and size of accesses, including . . . <u>provisions for shared access with adjoining parcels</u> or uses on the same parcel, in accordance with Section 3.02."[5] (emphasis added).

Under the specific conditional use standards in § 5.03(D)(3), this Court may arguably consider the effect a proposed project has on the ability of adjoining property owners to access their property.[6] Specifically, we may impose conditions on the conditional use approval of a project to ensure "shared access with adjoining parcels." Bylaws § 5.03(D)(3)(c). However, whether or not the Town builds the well house, Appellant currently has no right to use the portion of Reed Road upon which the Town plans to construct the well house. In a recent judgment, the Washington Civil Division ordered the Town to compensate Appellant for the condemnation of her portion of the 1.43-acre parcel upon which the proposed well house will sit. <u>Houston</u>, Nos. 206-4-11 Wncv (partial final judgment). The court also ordered the Town to pay Appellant $63,000 so that Appellant could construct an alternative access road to bypass that portion of Reed Road upon which the Town planned to build the well house. <u>Id.</u> In its decision accompanying the judgment, the court held that the $63,000 "payment extinguishes any right [by Appellant] to access Reed Road through the rectangular 'well house' parcel." <u>Houston</u>, Nos. 206-4-11 Wncv and 743-11-11 Wncv, slip op. at 11.

By bringing the pending action before this Court, Appellant attempts to re-litigate an issue already determined by the Civil Division. To the extent that Appellant wishes to challenge the Civil Division determinations, she may do so by an appeal filed in those proceedings. But Appellant has no right to use these proceedings as an alternate forum to seek an additional determination, particularly on claims that are beyond this Court's jurisdiction in this appeal. Accordingly, we **GRANT** summary judgment on the remainder of Appellant's Question 3 in favor of the Town.

---

[5] Section 5.03(D)(3)(b) is not relevant, as it deals solely with development located along Route 100.

[6] As with Bylaws § 5.03(C)(3), Bylaws § 5.03(D)(3) does not grant this Court the power to review claims that road infrastructure, such as culverts, associated with a proposed project will adversely affect the owner's private property.

7

## Conclusion

For the reasons stated above, we **DISMISS** Appellant's Question 1 and the portion of Question 3 referring to Bylaws § 5.03(C)(3).  We **GRANT** the Town's motion for summary judgment on the remainder of Question 3.  Because Appellant has withdrawn her Questions 2, 4, and 5, this Decision concludes the pending appeal.  The DRB's April 3, 2012 decision, which granted conditional use approval to the Town for the proposed well house, subject to certain conditions, now stands.

A Judgment Order accompanies this Decision.

Done at Newfane, Vermont this 18th day of January, 2013.

_____
Thomas S. Durkin, Environmental Judge

8